UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEON C. PARKER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-924-TAB-RLY |
| ) | |
| v. ) | |
| ) | |
| INLAND COLLECTION ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER APPROVING CLASS ACTION SETTLEMENT**

This matter came for hearing on April 30, 2013, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     On January 10, 2013, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff, Theon C. Parker ("Plaintiff"), and Defendant, Inland Collection Services, Inc. ("Defendant") for the claims alleged in the Complaint filed with the United States District Court for the Southern District of Indiana, Indianapolis Division initially entitled *Theon C. Parker, Plaintiff v. Inland Collection Services, Inc.*, *Defendant,* Case No.1:12-cv-00782-RAY-TAB (the "Litigation"). The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by first class U.S. mail to Class

Members from the Class List.  A total of three envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available.  One envelope was returned and re-mailed to a forwarding address.  No class members requested exclusion and no objections were filed or received.

2. The Court, for purposes of this Order Approving Class Action Settlement (the "Order"), adopts all defined terms as set forth in the Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the Additional Plaintiff, the other Members of the Class, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Indiana law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties.  The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Solely for purposes of effectuating this settlement this Court has certified a class of persons who satisfy the following criteria.  The Class is defined to include:

    (a)  all natural persons,
    (b)  that were sued by Defendant in a Marion County Township Small Claims Court other than one in which the person resided or signed a contract on which the debt is based,
    (c)  between  July 8, 2011  and  October 5, 2012.

7. The Court finds that the stipulated Class meets the requirements of Rule 23.  Specifically the Court finds that:

      a)     The Class is so numerous that joinder is impracticable.

      b)     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class members.

      c)     Plaintiff's claims are typical of the claims of the Class Members.

      d)     Plaintiff and Class Counsel have fairly and adequately represented the interests of the class members.

      e)     A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

8.     Edelman, Combs, Latturner & Goodwin, LLC has been appointed as Class counsel and named Theon C. Parker as class representative.

9.     The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $7,000.00.  The Court finds that Class Counsel's petition is fair and reasonable.  Defendant and their insurer shall pay $7,000.00 to Edelman Combs Latturner & Goodwin, LLC in accordance with the Agreement.

10.     Within fourteen (14) days of the date of this Order, Defendant shall make all payments in the manner required by the Agreement.

11.     Except as to any individual claim of those persons identified in paragraph 8 who have validly and timely requested exclusion from the Class, upon notification by counsel that the payments have been made to escrow in accordance with the Agreement, the Court shall enter an Order of Dismissal, with prejudice dismissing the Released Claims as to the Plaintiff and Class Representative, the Additional Plaintiff, and the other Members of the Class, and as against the Defendant.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

12. Plaintiff, the Additional Plaintiff, and each Class Member who did not timely exclude himself/herself from the Settlement Class, their assigns, heirs, successors and personal representatives, or any other person, company or entity asserting an interest by or through them, do hereby release and forever discharge the Defendant, and its present or former parents, officers, directors, partners, members, principals, insurers, representatives, employees, agents, attorneys, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns, ("Released Parties"), as of the Effective Date of the Agreement, of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, arising out of the allegations asserted in this Lawsuit, under any legal theory (including claims under 15 U.S.C. §1692g). Class Members do not release their right to dispute any alleged debt, or any part of an alleged debt.

13. Defendant shall, within ninety (90) days of the void date on checks issued to Class Members, provide Class Counsel with the amount of unclaimed funds. If any funds remain after payment of these expenses, they will be paid by Class counsel and Defendants' counsel as a *cy pres* award to the Indiana Legal Services.

14. After all payments due under this Agreement, including payments to Plaintiff, the Additional Plaintiff, payments to the Class Members, payments due for attorney's fees and costs, and payments to cy pres, Defendant shall file a "Notice of Compliance" that Defendant has complied with the Terms of the Agreement and all Class Members have received the relief as set forth in the Class Settlement Agreement.

15. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. This Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

16. The parties may destroy documents generated in class administration six (6) months from the date the Court's Order of Dismissal with prejudice becomes a final appealable Order.

17. If the Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

SO ORDERED: 04/30/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Peter A. Velde  pvelde@k-glaw.com

Daniel A. Edelman   dedelman@edcombs.com

Michelle R. Teggelaar   mteggelaar@edcombs.com